Alvin Todd **POINTER**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–99–566–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 25, 2000.

Dean M. Swanda, Arlington, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Donald J. Piller, John J. Cope, Morgan Minton, Asst. Crim. Dist., Fort Worth, for Appellee.

PANEL F: CAYCE, C.J.; DAY and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

Alvin Todd Pointer appeals after his conviction for robbery by threats. In his sole issue on appeal, appellant contends the trial court abused its discretion by ordering cumulative sentences. We affirm.

The jury found appellant guilty of robbery by threats and assessed punishment at 20 years' confinement. At the time Appellant was sentenced, he was serving an 8-year sentence in cause number 0570199D for felony theft. The trial court ordered the sentence in this cause to begin "when the judgment and sentence rendered in ... cause number 0570199D ... shall have ceased to operate." Appellant contends that his 20-year sentence in this cause is "suspended" for purposes of article 42.08 of the code of criminal procedure and that the trial court, by cumulating the sentence, violated the 10-year provision of the statute.

Article 42.08 provides in relevant part:

(a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years. . . .

Tex.Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp.2000).

Appellant urges that because he is not currently serving his 20–year sentence, it is effectively "suspended" for purposes of article 42.08. However, we find no authority to support appellant's argument and refuse to accept appellant's reasoning that *any* cumulated sentence is necessarily a "suspended" sentence for purposes of the statute. Article 42.08(a) specifically distinguishes between a sentence *imposed* and a sentence *suspended. Id.* Generally, imposition of a criminal defendant's sentence of imprisonment or confinement is suspended, in whole or in part, by placing the defendant on community supervision instead of ordering the defendant to serve the sentence of imprisonment or confinement. *See id.* art. 42.12, § 2(2)(B). Here, appellant's 20–year sentence was imposed, not suspended. Under the plain language of the statute, the 10–year provision applies only to suspended sentences. Therefore, the trial court had authority to cumulate appellant's sentence in this cause. Appellant's issue is overruled.

We affirm the trial court's judgment.